IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. JOE W. COONROD

**Direct Appeal from the Criminal Court for Bedford County**
**No. 14,575     Lee Russell, Judge**

---

**No. M2000-02224-CCA-R3-CD - Filed October 3, 2001**

---

A Bedford County jury convicted the defendant of Class D felony theft over $1,000, and the trial court sentenced him to 12 years incarceration as a career offender. In this appeal, the defendant alleges the evidence is insufficient to sustain his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

A. Burton English and Robert L. Marlow, Shelbyville, Tennessee, for the appellant, Joe W. Coonrod.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### TRIAL TESTIMONY

David Kington borrowed his parent's 1990 gray Mercury Sable on July 6, 1999. Kington parked and locked the vehicle with the engine running and entered a business. Upon exiting the business, Kington discovered that he was locked out of the vehicle, so he borrowed another vehicle to retrieve a spare set of keys. When he returned approximately 40 minutes later, the vehicle was missing. Kington did not give anyone permission to use the vehicle. He immediately reported the car stolen to the Chattanooga Police Department.

Detective Michael Davis of the Shelbyville Police Department testified that while he was patrolling on July 22, 1999, he observed the defendant driving a gray 1990 Mercury Sable. It

abruptly stopped, and a woman ran from the vehicle's passenger side. He attempted to follow the woman but lost sight of her. He then followed the vehicle and ran a license plate check, which revealed the plate was issued to a white Chrysler. Davis stopped the vehicle.

Det. Davis further testified he observed that the back driver's side glass window was broken. When Davis commented to other officers about the broken window, the defendant volunteered, "I have got the keys." Det. Davis further inquired if the vehicle belonged to the defendant, and he again nervously answered, "I have the keys." When the defendant could produce neither a license nor a registration, Det. Davis ran a check of the defendant's name, date of birth, and the vehicle's identification number. Dispatch informed Davis that the defendant's license was revoked, and the vehicle was stolen in Chattanooga. Davis then arrested the defendant for theft.

David Kington testified that his parents were elderly and unable to come to court to testify. He described the vehicle as "meticulous[ly]" kept, in "very good shape," and having approximately 77,000 miles. Kington stated he did not know the defendant and did not give him permission to possess the vehicle. He further testified that he examined the car after it had been towed back to Chattanooga and noticed that the window had been broken out since he was last in it.

Clarence Lamb, the owner of a local car dealership, estimated the wholesale value of a 1990 Mercury Sable with 77,000 miles at $2,000 and a retail value of $2,900 to $3,500. On cross-examination Lamb conceded that he never examined the vehicle.


## SUFFICIENCY OF THE EVIDENCE

The defendant argues the evidence was insufficient to establish (1) he acted without the owner's consent; (2) the car driven by defendant was the same car that was stolen; and (3) the value of the car was $1,000 or greater. We respectfully disagree.

## A. Standard of Review

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable

and legitimate inferences which may be drawn from the evidence.  State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

## B.  Theft

Tenn. Code Ann. § 39-14-103 states that "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."  Tenn. Code Ann. § 39-14-105 makes the offense of theft a Class D felony "if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)."

### (1)  Consent

David Kington testified that he locked the keys in his parent's vehicle while it was running and when he returned, the vehicle was gone.  Kington further testified that he was neither acquainted with the defendant nor gave the defendant permission to drive the vehicle.  Kington immediately reported the vehicle stolen.

Det. Michael Davis arrested the defendant after spotting him driving the vehicle approximately three weeks after its theft.  The license plate belonging to the vehicle was replaced with one belonging to another vehicle, and the vehicle's rear driver's side window was broken. Kington saw the car after it was returned to Chattanooga and confirmed that the window was broken. When asked if it was his vehicle, the defendant stated in an "agitated, nervous manner" that he had the keys.  The jury could reasonably infer from the evidence that the defendant was in control of the vehicle without the owner's consent.

### (2)  Identification of Stolen Car

Kington testified the 1990 gray Mercury Sable was taken without permission in Chattanooga, Hamilton County.  Det. Davis stopped the defendant in Bedford County driving a gray 1990 Mercury Sable with improper registration.  The VIN check revealed the car had been stolen in Chattanooga. Det. Davis testified he had no reason to doubt it was the Kington vehicle.  The car was towed back to Chattanooga where Kington observed the vehicle and confirmed the window had been broken. Based upon this evidence, the jury could reasonably infer the car which the defendant was driving was the Kington vehicle.

### (3) Value

David Kington testified that the vehicle had approximately 77,000 miles, was "meticulous[ly]" kept, and was in "very good shape." Clarence Lamb testified that he had been in the automobile business since 1972 and had owned a car dealership since 1980. He appraised the vehicle's value in "good condition" to be $2,000 at wholesale, and between $2,900 and $3,500 at retail. Lamb conceded that he never saw the vehicle.

The statutory definition of value is fair market value at the time and place of the offense. *See* Tenn. Code Ann. § 39-11-106(a)(36)(A)(i). Although Lamb did not observe the vehicle, Kington testified the vehicle was in "very good shape." Thus, Kington's testimony and Lamb's testimony were sufficient to establish the fair market value of the vehicle to be more than $1,000.

### CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE